■ In the Matter of FELIX POPPER, Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— REYNOLDS, J. Proceeding under article 78 of the CPLR and subdivision 4 of section 6613 of the Education Law to review a determination of the Board of Regents suspending petitioner's license to practice dentistry for a period of six months upon findings of his guilt of charges of unprofessional conduct (Education Law, § 6613, subd. 1 h) in entering into a financial arrangement with an unlicensed individual to supply his professional dental services for a fixed weekly remuneration and in directly or indirectly and knowingly splitting fees or charges with said unlicensed person (Regulations of Commissioner of Education, § 44, subd. 2 [a], 8 NYCRR 61.5 [b]). Contrary to petitioner's contention his actions clearly constituted unprofessional conduct (*Matter of Bell* v. *Board of Regents,* 295 N. Y. 101, 111). We find no significance in the fact that such conduct by chiropodists, pharmacists or optometrists would not be unprofessional. Nor can we agree that the specific charge of fee splitting has not been established. While section 44 (subd 2 [a], par. [2]) of the Commissioners Regulations (8 NYCRR 61.5 [b] [2]) covers the traditional payment to another for referring a patient or client to a professional man, subsection (1) thereof (8 NYCRR 61.5 [b] [1]) is broadly inclusive of all fee splitting and would clearly cover petitioner's surrender of his total fee in exchange for a fixed salary. Petitioner also urges that a transcript of an interview, in which he freely disclosed his relationship with the unlicensed individual, which he underwent under oath at the office of the Division of Professional Conduct should not have been admissible against him in the ensuing disciplinary proceedings because he was not represented by counsel at the interview and because he was not informed of his privilege against self incrimination or the nature of the charges against him. We find no merit in these contentions in the instant case. At the time the interview was conducted no charges were then pending against him and thus obviously he could not be informed of such. As to the presence of counsel, petitioner did not request counsel and the presence of counsel is not a mandatory requirement in an administrative proceeding such as the interview here involved despite the fact that information elicited might well provide the bases for subsequent criminal charges (*Matter of Groban,* 352 U. S. 330). Moreover, while the privilege against self incrimination would extend to the interview in question, petitioner did not raise the privilege at the time of the interview and his counsel made no specific objection on the grounds of self incrimination at the time the interview was read into the record. Finally we find no reason to disturb the board's six-month suspension (*Matter of Scire* v. *Board of Regents,* 23 A D 2d 943; *Matter of Leavitt* v. *Board of Regents,* 9 A D 2d 987; *Matter of Stolz* v. *Board of Regents,* 4 A D 2d 361). Determination confirmed, and petition dismissed, without costs. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur; Taylor, J., not voting.