■  In the Matter of MARJORIE C. ESCHER, Petitioner, v. HAROLD L. HALL, as County Clerk of Saratoga County, Respondent.— Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Schenectady County) to review a determination of the County Clerk of Saratoga County dismissing petitioner after hearing pursuant to section 75 of the Civil Service Law. Petitioner, a senior stenographer in the Saratoga County Clerk's office for approximately 14 years, was dismissed after the hearing officer found that she failed to " tumble " deeds as instructed, failed to prepare bank deposits as instructed, and that she failed to take any steps to correct her poor typing. The petitioner admitted many of the charges but offered new matter by way of defense. The hearing officer's findings are supported by substantial evidence and should not be disturbed except as to the penalty, which is excessive. Petitioner stopped her employment on July 9, 1969 after she was told she was suspended. She insisted upon returning to work but was not allowed to do so and did not, in fact, work after July 14, 1969 although she received her full pay up until August 31, 1969. Written charges were served on her on September 23, 1969 and on November 20, 1969 petitioner was dismissed upon findings made by the hearing officer. While it is clear from the evidence that the offending conduct was repetitive, it is also apparent that petitioner's breaches were essentially technical in nature and that she had no intent to deliberately disrupt the office or be insubordinate. The court is vested with power to review the discipline imposed upon a subordinate civil service employee. (CPLR 7803, subd. 3.) Dismissal for minor offenses is not favored. (*Matter of Bovino* v. *Scott*, 22 N Y 2d 214; *Matter of Donohue* v. *New York State Police*, 19 N Y 2d 954.) A suspension of six months is sufficient penalty here considering the nature of the offenses and the prior satisfactory record of the employee. Since petitioner received her salary until August 31, 1969 the suspension should commence as of September 1, 1969 and continue for six months thereafter. Respondent is

directed to reinstate petitioner pursuant to subdivision 3 of section 76 of the Civil Service Law and to compensate her for the amount she would have earned but for her dismissal from September 1, 1969 to the date of this decision, less six months and less such amounts as petitioner may have otherwise earned in any other employment, and any unemployment insurance benefits she may have received during such period. (Civil Service Law, § 77.) Since there is some dispute as to whether or not the pay received by petitioner during the period July 9, 1969 through August 31, 1969 was sick benefits, vacation pay, or accumulated leave, it should be pointed out that none of those benefits to which the petitioner would otherwise be entitled should be charged against the payments received during that period. The petitioner was willing to work at all times. She did not request sick leave or vacation benefits. (Cf. *Matter of Smith* v. *McNamara*, 277 App. Div. 580.) Determination modified, on the law and the facts, so as to reduce the penalty to suspension without pay for six months in accordance with this memorandum, and, as so modified, confirmed, without costs. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Simons, JJ., concur.