In the Matter of VICTORIA ECTOR, Petitioner, v LOUIS A. SALZMANN, as Superintendent of the Kingston City Schools (Consolidated), et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Board of Education of the Kingston City Schools (Consolidated), dated June 30, 1975, terminating petitioner's employment as a typist. Petitioner, a civil servant, was employed in the Kingston City Schools (Consolidated) (hereinafter school district) as a typist in the office of the dean of girls. She was first employed by the school district in January, 1971 as a typist in the central office. At petitioner's request she was transferred to the office of the dean of girls in November, 1972 where she was working as a typist when this controversy arose. Reports that confidential information contained in the records of the office of the dean of girls had been leaked had come to the attention of the principal of the school district. When the principal attempted to discuss the source of the leak with petitioner, she refused to discuss the matter. The principal proposed to transfer petitioner to another position in the school district on the same level which precluded access to student files. On May 1, 1975 petitioner was notified by the dean of students to attend a meeting at the office of the superintendent of the school district on May 2, 1975 at 10:30

A.M. during her usual working hours. After seeking counsel petitioner called the superintendent and advised him she would not attend the meeting on May 2, 1975 because she had not received written notice of the meeting and was not accorded the right to be represented by counsel at the meeting. Petitioner did not attend the meeting. On May 9, 1975 petitioner was suspended for 30 days without pay pending a hearing on the charge of misconduct for refusal to attend the meeting scheduled for May 2, 1975. After the 30-day suspension petitioner was reinstated pending the determination of the misconduct charge against her. On June 4, 1975 the hearing on the charge was held and on June 30, 1975 the board of education of the school district found petitioner guilty of insubordination and terminated her employment effective immediately. Petitioner instituted this proceeding to review the determination of the board of education. Pursuant to CPLR 7804 (subd [g]), Special Term transferred the proceeding to this court. Petitioner now claims that the meeting she was requested to attend was an illegal hearing under the terms of section 75 of the Civil Service Law and that her employment should not have been terminated for refusing to attend the illegal hearing. The record clearly demonstrates that the meeting petitioner was requested to attend was not a hearing under section 75 of the Civil Service Law, to discipline her. Prior to the time for the meeting on May 2, 1975 no formal charges of misconduct had been made or contemplated. The meeting was scheduled in an effort to stabilize petitioner's status without requiring her transfer to another position within the school district where she did not have access to confidential student records. Petitioner's refusal to attend the meeting was intentional, deliberate and willful and was insubordination amounting to misconduct *(Matter of Griffin v Thompson,* 202 NY 104). The determination of misconduct is on the entire record supported by substantial evidence (CPLR 7803, subd 4). The fact that petitioner received mistaken advice not to attend the meeting does not excuse her intentional disobedience to her supervisor's lawful and reasonable order. Under the circumstances, however, we conclude that the penalty of dismissal from service constituted an abuse of discretion as to the measure of discipline (CPLR 7803, subd 3). The determination of penalty should be modified to suspension without pay for a period of six months beginning June 30, 1975, exclusive of the original suspension of 30 days, and petitioner should be restored to her position or to a like position in another department with full pay except for the suspension outlined above *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 234–235; *Matter of Escher v Hall,* 37 AD2d 1013). Determination modified, by reducing the penalty to six months' suspension without pay, beginning June 30, 1975, exclusive of the original suspension of 30 days, and petitioner restored to her position or a similar position with full pay less the amount of compensation which petitioner earned in any other employment or occupation and any unemployment insurance benefits petitioner received, and, as so modified, confirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Mahoney, and Reynolds, JJ., concur.