## (November 12, 1976)

■ Louis Donofrio, Respondent, v Thomas F. Hastings, Individually and as Chief of Police of the City of Rochester, et al., Appellants.—Order reversed and application to suppress denied. Memorandum: We find no constitutional issue present in this action. Respondent's right to due process is fully protected by the requirements of section 75 of the Civil Service Law. That statute establishes his right to counsel at the formal administrative hearing and due process does not require that the right to counsel be extended to preliminary investigative inquiries in disciplinary matters *(Matter of Groban,* 352 US 330; *Matter of Popper v Board of Regents of Univ. of State of N. Y.,* 26 AD2d 871; see, also, Ann, 33 ALR3d 229, Administrative Hearings-Aid of Counsel). Even though Officer Donofrio's failure to respond to his superior in this departmental inquiry concerning an altercation with a fellow officer may have resulted in disciplinary action affecting his status in the department, he still had no constitutional right to counsel (see *Matter of Groban, supra).* Nor is any constitutional issue presented by his risk of self incrimination in answering questions posed to him by his superior in this noncustodial interrogation unrelated to any criminal charge. Respondent's remedy was arbitration of the denial of his contract right to representation. The arbitrator has found that the contract was violated and that respondent was entitled to copies of all records, transcripts and documents pertaining to the investigation. Respondent is entitled to no more. All concur, except Cardamone and Mahoney, JJ., who dissent and vote to affirm the order in the following memorandum: Prior to the commencement of a departmental investigatory hearing, plaintiff, a Rochester police detective, requested that he be allowed representation either by counsel or by a member of the Rochester Police Locust Club, Inc., the bargaining unit for police affairs. This request, however, was denied and, allegedly, under threat of insubordination charges, plaintiff was compelled to answer questions at the investigatory hearing which were transcribed and compiled into a "statement". Following plaintiff's refusal to sign this "statement", a disciplinary proceeding under section 75 of the Civil Service Law was instituted on April 29, 1975. Thereafter, plaintiff commenced this declaratory judgment action challenging the propriety of the disciplinary charges as violative of his constitutional rights as well as the collective bargaining agreement with the city. He successfully sought a temporary restraining order prohibiting defendants from proceeding with the disciplinary action. At a plenary hearing to determine the plaintiff's motion for a permanent injunction restraining any future departmental disciplinary hearing, the court held that plaintiff's statements taken during the investigatory proceeding be permanently suppressed as to any further disciplinary proceeding conducted under section 75 of the Civil Service Law, based upon its finding that the plaintiff had been denied his constitutional right to counsel during the investigatory hearing. It is from this order that defendants appeal. The threshold question in deciding the standard of formality which must apply to an investigatory proceeding is whether, by virtue of

this proceeding, plaintiff may be denied "liberty or property" within the meaning of the Fourteenth Amendment. In *Board of Regents v Roth* (408 US 564; 577) the Supreme Court, addressing the question of what may be defined as a "property interest", held: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it * * * It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims." Following the *Roth* formulation in *Goss v Lopez* (419 US 565, 573), the Supreme Court observed: "a state employee who under state law, or rules promulgated by state officials, has a legitimate claim of entitlement to continued employment absent sufficient cause for discharge may demand the procedural protections of due process." Plaintiff, under both the *Roth* and *Goss* cases, can be said to have a protected "property" interest in his continued employment with the Rochester Police Department. This interest has its basis in two sources. First, the collective bargaining agreement between the Rochester Police Locust Club, Inc. and the Rochester Police Department is an "understanding that secure[s] certain benefits and that support[s] claims of entitlement to those benefits" *(Board of Regents v Roth, supra,* p 577). Secondly, section 75 of the Civil Service Law, which mandates certain procedures to be followed when a civil service employee is to be removed for cause, creates "statutory and administrative standards" which lead to an expectation and legitimate claim to continued employment *(Goldberg v Kelly,* 397 US 254). Thus, it is clear that plaintiff may not be removed from his employment without due process of law. The question remains, however, "what process is due" *(Morrissey v Brewer,* 408 US 471, 481). Under section 75 of the Civil Service Law a person against whom charges are preferred may, if he so requests, be represented by counsel at the section 75 hearing. However, in the instant case the investigatory proceeding occurred prior to the section 75 hearing. Nevertheless, under the facts presented, due process mandated the presence of counsel at this proceeding on plaintiff's request. To hold otherwise might well render the section 75 hearing a mere rubber stamp for the *de facto* hearing which occurred earlier in the form of an investigatory proceeding. The application and interpretation of the due process clause are intensely practical matters *(Goss v Lopez,* supra, p 577). The procedural protection afforded by the due process clause must be applied in a flexible manner *(Matter of Pannell v Jones,* 36 NY2d 339, 342). Therefore, by reason of the fact that plaintiff: (1) had a "property" interest in his continued employment with the Rochester Police Department; (2) was guaranteed "full constitutional rights and protections" during any investigation by section 1 of article 21 of the collective bargaining agreement; and (3) was subjected to an already formalized investigatory proceeding entailing a stenographic recording, it was an abuse of discretion of the examining officer to deny plaintiff's request for counsel at this proceeding. The majority relegates plaintiff to "arbitration" which is a meaningless remedy for once the statement is obtained—unlawfully under the collective bargaining agreement here which guarantees plaintiff his full constitutional rights— what protection remains for plaintiff? We believe none. The bargained for rights must be timely guaranteed or they are worthless. The statement obtained may not be "cudgeled" from plaintiff under the guise of an "interview" with his superior officer, but must be voluntarily obtained, if they are to be later used to deprive him of a valuable property right *(Bong*

*Youn Choy v Barber,* 279 F2d 642). Trial court's order suppressing all statements taken from plaintiff at the investigatory hearing was in all respects proper. (Appeal from order of Monroe Supreme Court—injunction and damages.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.