In the Matter of SAMUEL HOPKINS, Petitioner, v J. HENRY SMITH, as Administrator/Commissioner of the Human Resources Administration of the City of New York, et al., Respondents.

First Department, July 14, 1977

*Edwin Ira Schulman* of counsel *(Schulman & Laifer,* attorneys), for petitioner.

*Stephen J. McGrath* of counsel *(W. Bernard Richland, Corporation Counsel)*, for respondents.

SILVERMAN, J. Petitioner in this CPLR article 78 proceeding seeks to set aside a determination of the Commissioner of New York City Human Resources Administration (HRA) dismissing petitioner from his position as a supervising special officer of HRA police operations holding the rank of lieutenant.

After a hearing before a hearing officer of the department, petitioner was found guilty of specifications 1a, 1b, 2, 3, 4a, and 4e of the charges against him. The hearing officer recommended a penalty of suspension of two months, but the commissioner deemed that penalty inadequate and dismissed petitioner.

The charges relate to two sets of incidents. The first set, covered in specifications 1, 2, and 3, relates to an incident in December, 1975 and January, 1976 when petitioner came into possession of a confidential report from the Inspector General of HRA to the commissioner and was directed to return the report and the envelope in which he received it forthwith and failed to do so after consulting with two sets of counsel, and then returned only the report and not the envelope, claiming that during the two-day interval between the time he received the papers back from his first set of attorneys and the time he returned the report to the department, his wife had thrown out the envelope by error. The envelope was considered of some significance as being a clue as to who had sent the report to petitioner. While advice of counsel is not an excuse for intentional disobedience of an order of the commissioner *(Matter of Ector v Salzmann,* 54 AD2d 1017), it was not unreasonable for petitioner to consult with and be guided by his counsel. The loss of the envelope was certainly very suspicious, and the petitioner was not notably energetic in trying to get the papers back from his attorneys to the commissioner. On balance, I think there was substantial evidence in support of these charges.

With respect to charges 4a and 4e, however, the situation, I think, is different. These charges refer to an incident a year earlier, in December, 1974, and are essentially that having come into possession of an anonymous letter concerning alleged misconduct about another employee, Sergeant Bradshaw, petitioner did not send it directly to the office of review (which became the office of the Inspector General) as required by the Mayor's Executive Order No. 504, but instead brought

it to his superior, Dorothy Schulz, who decided to take no action on the letter. It appears that the anonymous letter was received by James Campbell, the former executive director of the children's center of HRA. Mr. Campbell gave it to Sergeant Manning, since it involved Sergeant Manning's staff, and left the matter in her hands. Sergeant Manning telephoned petitioner, who was her superior; she told petitioner that the letter contained allegations against Sergeant Bradshaw and "they weren't favorable." Petitioner instructed Sergeant Manning to give the letter to Sergeant Bradshaw to bring to petitioner; she did so, and Sergeant Bradshaw read the letter. (It appears, however, that Sergeant Bradshaw was already familiar with the letter as a copy of the letter had previously been left under the windshield wiper of his car.) Petitioner then took the letter to his superior, Dorothy Schulz, who told him that she would take care of the matter and that petitioner should consider the matter closed as far as he was concerned. While it is true that the executive order required any "employee" to forward complaints to the office of review, there was also at the time an HRA procedure No. 73-32 which apparently placed the responsibility for forwarding complaints on the "head of the location," in this case Ms. Schulz and not petitioner. The hearing officer found that at the time here involved, "some staff had been customarily informing their supervisors of information received," and that what petitioner did "apparently was not an uncommon practice." Furthermore, what petitioner did was of course exactly what Mr. Campbell and Sergeant Manning had done in the precise situation, i.e., transmit the documents to either another officer or to the superior officer, and would seem to be much less serious than what Ms. Schulz did, which was not even to transmit the letter to her superior but simply to take no action on the letter. Yet is does not appear that any charges were filed or disciplinary action taken against any of these persons but only against petitioner, who was a middle person in the chain of transmission. Accordingly, I do not think there was substantial evidence in support of charges 4a and 4e.

The determination of the Administrator/Commissioner, Human Resources Administration of the City of New York, dated June 25, 1976, dismissing petitioner, should be modified on the law to the extent of annulling the finding of guilt as to charges 4a and 4e, and the matter should be remanded to the commissioner for reconsideration and imposition of the appro-

priate penalty in view of this modification, and otherwise confirmed, without costs.

KUPFERMAN, J. P., BIRNS, EVANS and LANE, JJ., concur.

Determination of respondent administrator/commissioner, dated June 25, 1976, unanimously modified, on the law, to the extent of annulling the finding of guilt as to charges 4a and 4e, and the matter remanded to the commissioner for reconsideration and imposition of the appropriate penalty in view of this modification, and otherwise confirmed, without costs and without disbursements.