■ In the Matter of WALTER KOUPASH, Petitioner, v BOARD OF EDUCATION OF BOLTON CENTRAL SCHOOL, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Washington County) to review a determination of the Board of Education of Bolton Central School, made on March 8, 1979, which found petitioner guilty of three charges made against him and dismissed him from his position. Petitioner was employed for approximately six years by respondent in the position of custodian. On November 27, 1978, in accordance with the provisions of section 75 of the Civil Service Law, petitioner was served with disciplinary charges preferred against him by respondent, and he was suspended without pay for an indefinite period from his duties as custodian. On December 19, 1978, a hearing on these charges was held before George Gunderson, Esq., the person duly designated by respondent to act as the hearing officer. The hearing officer prepared a report and recommendation based on the evidence adduced at this hearing in which he found petitioner guilty of the following charges and specifications: Charge 1—Specifications Nos. 1, 2 and 3; Charge 2—Specifications Nos. 1 and 2; Charge 3—Specifications Nos. 1, 2, 3, 4, 5, 6 and 7. The report recommended that petitioner be allowed to remain as a custodial employee of respondent subject to a penalty of suspension from his position for a term of 30 days, without pay. By letter dated March 8, 1979, petitioner was informed that respondent had adopted the findings of fact of the hearing officer, and had determined that petitioner was guilty of the charges and specifications. However, respondent failed to follow the recommendation of the hearing officer as to punishment, and ordered that petitioner be dismissed from his position effective immediately. Specifications Nos. 1, 2 and 3 of Charge No. 1 related to petitioner's failure to keep time cards current for weeks of July 17, 1978 and July 24, 1978, and his failure to mark time cards to show absences on August 9, 1978 from 2:25 P.M. to 2:45 P.M., and on one occasion when he drove his wife to work without prior authorization. Specifications Nos. 1 and 2 of Charge No. 2 related to petitioner's failure to report to his immediate superior an injury at work on July 13, 1978, and an aggravation of a previous injury by reason of the said injury. Specifications Nos. 1, 2, 3, 4, 5, 6 and 7 of Charge No. 3 relate to petitioner's failure to properly clean various rooms; that he removed soap dispensers from bathrooms without authorization; that he was absent without authorization on August 10, 1978 when he left a note that he was sick, and on November 14, 1977 when he left a note that he was visiting his sick son; and that he marked his time card for compensation for coaching basketball without authorization and for which he was not paid. Petitioner contends that the determination of his guilt of the specifications found by the hearing officer is not supported by substantial evidence. Arthur Curran, head custodian of the school, and Thomas Curri, chief school officer of respondent, testified in support of the charges. Petitioner testified on his own behalf, and attempted to explain the circumstances giving rise to the charges, but his testimony does not constitute a denial. On review of the entire record, the findings of the respondent are supported by substantial evidence. As to those findings, however, the offenses either do not constitute "incompetence or misconduct" or are so insignificant that the penalty of dismissal was unwarranted. The hearing officer who was an impartial observer not connected in any way with the parties, saw and heard the witnesses at the hearing, read the transcript of testimony, and concluded his report by recommending that petitioner be allowed to remain as a custodian at the Bolton Central School, but that he be punished by a suspension for a period of 30 days, without

pay. Dismissal from employment is the most severe penalty authorized by section 75 of the Civil Service Law. A punishment is "shocking to one's sense of fairness" if the sanction is so grave in its impact on the individual subjected to it that it must be deemed disproportionate to the alleged misconduct or incompetence, or to the harm or risk of harm to the employer (*Matter of Harris v Mechanicville Cent. School Dist.,* 45 NY2d 279; *Matter of Pell v Board of Educ.,* 34 NY2d 222). In our opinion, the punishment imposed on petitioner was excessive and an abuse of discretion under the circumstances (*Matter of Seales v Malcolm,* 61 AD2d 920). Determination modified, on the law and the facts, by reducing the penalty to a 30-day suspension, without pay, and, as so modified, confirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Main and Mikoll, JJ., concur.