■ In the Matter of ALEXANDER ALPERT et al., Appellants, v ANTHONY J. GRECCO, as Mayor of the City of Johnstown, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered October 3, 1978 in Fulton County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking to have a letter of censure vacated and removed from their personnel files. Early in 1978 much local controversy enveloped the Police Department of the City of Johnstown with the result that, on January 28, 1978, respondent Mayor and common council held an investigative session under section 13-304 of the Johnstown City Code to look into civilian complaints against two superior police officers. Petitioners, who are 10 police officers employed by the city, were asked to appear at a subsequent investigative session held on February 6, 1978, apparently because they had signed a letter critical of police department policy in general and of a particular police sergeant, but they refused to appear under the conditions proposed wherein they were to be interviewed individually and without the aid of counsel. Following this latter session, respondents concluded that the entire police department should be publicly

censured because the collective actions of its members had brought discredit to the department and the Mayor and common council, and they grounded their conclusion upon, *inter alia,* alleged petty wrangling and bickering and poor morale in the department, the alleged lack of intradepartmental discipline and alleged envy and jealousy and the holding of grudges among the members of the department. Ultimately, in a letter to all department members dated February 17, 1978, respondents set forth their conclusions, and this letter, as had the earlier one signed by petitioners, became the subject of public controversy. With these circumstances prevailing, petitioners commenced the instant article 78 proceeding, and claiming that respondents' letter constituted a reprimand within the meaning of section 75 of the Civil Service Law, they asked for a vacatur of the letter and for an order directing its removal from their personnel files because the due process procedures embodied in subdivision 2 of section 75 of the Civil Service Law had not been followed in the issuance of the letter. At Special Term, the court found that the cited due process requirements were not applicable in this instance because no formal censure or reprimand of petitioners had been given. It further ruled that no punishment had been meted out and that petitioners' records relative to the subject matter of this proceeding were clear, and, as a consequence, it dismissed the petition herein as moot. This appeal followed. We agree with Special Term that the petition is without merit, and, accordingly, the order appealed from should be affirmed. Clearly, the due process guarantees provided in the Civil Service Law need not be extended to the preliminary investigative inquiries conducted by respondents here *(Donofrio v Hastings,* 54 AD2d 1110, app dsmd 40 NY2d 1087; see, also, *Matter of Mosher v Hanley,* 56 AD2d 141). Moreover, a reading of the letter of respondents at issue plainly reveals that it was a general statement by the governing officials of the City of Johnstown of their displeasure with and disapproval of the situation as it then existed in the Johnstown Police Department and among all the department members. No formal charges were ever levied by respondents against petitioners, nor were any disciplinary proceedings initiated. Additionally, there is no evidence that respondents' letter has been placed in petitioners' personnel files. Such being the case, the petition's lack of substance is obvious, and the disposition at Special Term should not be disturbed. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.