OPINION OF THE COURT
Robert C. Williams, J.
Petitioner moves, by order to show cause, for an order compelling respondent to comply with a subpoena, dated April 16, 1984, pursuant to CPLR 2308 (subd [b]).
Petitioner began an investigation into the alleged mismanagement and misconduct in the Department’s Waterways Division, Section 4, some time in January or February, 1984. Respondent, being canal section supervisor of said Waterways Division, Section 4, was one of the objects of the investigation.
By letter dated February 28, 1984, pursuant to some of the information gathered in the investigation, petitioner notified respondent that charges were being preferred against him in accordance with section 75 of the Civil Service Law. Said charges were listed and specified in the letter.
On April 12, 1984, petitioner sent a letter to respondent directing him to report to the regional director’s office on *1081 April 17, 1984, to discuss certain problems in Waterway Section 4. Petitioner also directed respondent to deliver the diary kept by him relating to his employment activities by April 16, 1984. By letter dated April 13, 1984, counsel for respondent notified petitioner that respondent would not appear on April 17, 1984, since there existed a pending section 75 disciplinary hearing.
On or about April 17,1984, petitioner served a subpoena and subpoena duces tecum upon respondent. It is respondent’s failure to appear in accordance with the demands of same which petitioner cites as the reason for the present action.
Section 61 of the Public Officers Law grants to petitioner “the power to issue subpoenas for and require the attendance of witnesses and the production of all books and papers relating to any matter under inquiry”. Said power may be utilized when it is “for the purpose of making inquiry as to the official conduct of any subordinate officer or employee” (Public Officers Law, § 61).
It is uncontested that petitioner began an investigation concerning the official conduct of persons employed in Waterway Division, Section 4. Respondent contends that the investigation has been concluded, and that petitioner seeks to use its subpoena power to harass respondent and to circumvent the due process requirements of section 75 of the Civil Service Law.
Petitioner has shown, however, by affidavit of Joseph C. Davidson, an attorney employed by petitioner, that petitioner’s investigation is still ongoing. Petitioner further claims that respondent’s appearance for questioning is absolutely necessary for the continuance of the investigation.
Section 75 of the Civil Service Law makes no mention of questioning of the person against whom a disciplinary proceeding has been proposed previous to the commencement of the disciplinary proceeding and after disciplinary charges are filed. Section 75 speaks only to the disciplinary hearing itself and is limited by it.
On the other hand, section 61 of the Public Officers Law is not limited or conditioned upon anything — it is a broad *1082 mandate to a State officer, board or commission to issue a subpoena pursuant to an investigation.
It has been held that information obtained by an investigation and inquiry pursuant thereto may be utilized in an administrative proceeding and subject a party to termination of employment — it is not barred (Matter of Anonymous Attorneys, 41 NY2d 506; Matter of Tanico v McGuire, 80 AD2d 297). Although respondent earnestly contends that any answers given at the investigation “hearing” will be used to circumvent the section 75 disciplinary proceeding, petitioner correctly points out that the hearing must be upon the charges as preferred against respondent, and that a predetermination will not be made via the vehicle of the ongoing investigation. Also, respondent’s claim that the investigation may be the basis for a subsequent overturning of any section 75 hearing, pursuant to subdivision 2 thereof, is without merit. Notwithstanding the fact that respondent’s claim is premature, this court will not assume a posture adverse to the belief that an administrative agency will comport with due process requirements. Unless and until proven otherwise, it is presumed that such an agency will fairly adjudicate a matter before it. Respondent has offered no evidence to sway this court in another direction.
In Matter of Alpert v Grecco (73 AD2d 710), the Mayor and common council of the City of Johnstown held an investigative session pursuant to section 13-304 of the Johnstown City Code to “look into civilian complaints against two superior police officers” {supra, at p 710). The police officers refused to appear since they were to be interviewed individually and without the aid of counsel. The Mayor and common council decided to publicly censure the entire police department, and sent a letter to all department members setting forth their conclusions. The police officers brought a CPLR article 78 proceeding, claiming that the letter constituted a reprimand, and to have the letters removed from the personnel file. Special Term dismissed the petition, and an appeal was taken. The Third Department found that “[cjlearly, the due process guarantees provided in the Civil Service Law need not be extended to the preliminary investigative inquiries conducted by respondents here” {supra, at p 711). Although *1083 the Third Department made mention of the fact that no disciplinary proceedings were initiated, the court reads this in relation to the fact that the police officers were not afforded the opportunity to have counsel at the investigation, as shown by the court’s citing of Donofrio v Hastings (54 AD2d 1110, app dsmd 40 NY2d 1087, wherein the lack of the opportunity to have counsel in an investigation prior to a disciplinary hearing was held, on the facts present there, to be a due process violation). In the present action, by the letter dated April 12, 1984, petitioner notified respondent that counsel could be brought to the investigatory “hearing” — therefore, Donofrio is not applicable.
There being no showing that due process requires any investigation and questioning of plaintiff to be stayed until the section 75 hearing is complete, and there being adequate authority stating that any information obtained via the inquiry prior to the disciplinary hearing may be used in the hearing, such that there is no violation of due process, petitioner’s request must be granted.
The court grants petitioner’s request for an order compelling respondent to comply with the subpoena dated April 16, 1984.