■ JOYCE TOMAKA, Respondent, v EVANS-BRANT CENTRAL SCHOOL DISTRICT, Sued as LAKE SHORE CENTRAL SCHOOL DISTRICT, Appellant. — Judgment unanimously reversed, without costs, and petition dismissed, in accordance with the following memorandum: Respondent Evans-Brant Central School District appeals from a judgment which granted the CPLR article 78 petition of Joyce Tomaka, a senior clerk stenographer, to have a letter admonishing her for insubordinate action removed and retracted from her personnel file unless and until respondent complies with section 75 of the Civil Service Law. The letter from the school principal was critical of independent action taken by petitioner which was contrary to the principal's instructions. It stated in part: "All in all, what you did was insubordinate action and direct interference in my supervision of the William T. Hoag Elementary School. In the future, be advised that classrooms should not be interrupted and students interrogated unnecessarily. I will continue to provide necessary information when appropriate. Any questions and/or doubts should be directed to my attention." A copy of this letter was sent to the Superintendent of Schools and another copy was placed in petitioner's personnel file.

Special Term improperly granted the petition (see *Matter of Alpert v Grecco*, 73 AD2d 710). Section 75 of the Civil Service Law does not require a formal hearing as a prerequisite to the inclusion of such a document in petitioner's personnel file (cf. *Holt v Board of Educ.*, 52 NY2d 625, 632). Although the petitioner in the *Holt* case was a tenured teacher seeking a hearing pursuant to section 3020-a of the Education Law and the petitioner in the instant case holds the position of senior clerk stenographer by permanent appointment and seeks a hearing

pursuant to section 75 of the Civil Service Law, the same rationale applies. We perceive no significant difference between a letter critical of the performance of a tenured teacher and a letter which criticizes the conduct of a civil service employee. The letter which petitioner sought to have expunged is simply one which criticizes her conduct as contrary to the principal's directive and advises how to proceed in the future. The statute does not insulate school district personnel from all written critical comments from their supervisors. "While the language of the [principal's] letter[s] may appear to some to be in the nature of a 'reprimand' within the literal meaning of that word, it falls far short of the sort of formal reprimand contemplated by the statute." (*Holt v Board of Educ., supra,* p 633.) (Appeal from judgment of Supreme Court, Erie County, Francis, J. — art 78.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.