■ In the Matter of GEORGE DeVITO, Appellant, v CITY OF RYE, Respondent.—In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondent to determine the petitioner's grievance dated July 31, 1987, the petitioner appeals from an order and judgment (one paper) of the Su-

preme Court, Westchester County (Walsh, J.), entered February 23, 1988, which, upon granting the respondent's cross motion, dismissed the proceeding.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof granting that branch of the respondent's cross motion which was to dismiss that branch of the petition which sought a hearing on the petitioner's grievance dated July 31, 1987, and substituting therefor a provision denying that branch of the respondent's cross motion, and (2) adding a provision granting that branch of the petition which sought a hearing on the petitioner's grievance dated July 31, 1987; as so modified, the order and judgment is affirmed, with costs to the petitioner.

This proceeding was brought by the petitioner Sergeant George DeVito of the Police Department of the City of Rye, seeking to compel the city to determine his grievance filed pursuant to the collective bargaining agreement between the city and the members of the Police Department. The grievance claim arose out of two memoranda written to the petitioner by the Commissioner of Police which were placed in the petitioner's personnel file. In the memoranda, the petitioner was charged with several breaches of department regulations. He filed a notice of grievance seeking the immediate resignation or dismissal of the Commissioner of Police, and the removal of the memoranda from his file. The city refused to submit the matter to the grievance procedure, contending that disciplinary proceedings are excluded from the definition of "grievance" in the contract.

The Supreme Court dismissed the proceeding. It held that the petitioner's grievance "in part relates to a matter involving discipline and would appear to be excluded from the grievance procedure". It also held that the request to have the Commissioner of Police removed from office was palpably improper.

The failure of the City Manager to ask the Commissioner for his resignation or to dismiss him on demand does not constitute a grievance under the collective bargaining agreement. However, we disagree with the Supreme Court's conclusion that the request for the removal of the critical memoranda placed in the petitioner's file was not subject to the grievance procedure.

In pertinent part, the contract defines "grievance" to mean: "any claimed violation, misinterpretation, or inequitable application of the existing laws, rules, procedures, regulations

* * * of the City of Rye, or a department thereof, by an employee * * * of the City which relates to or involves employee health or safety, *physical facilities,* materials or *equipment furnished to employees or supervision of employees;* provided, however that such term shall not include any matter involving * * * [a] disciplinary proceeding, or any other matter which is otherwise reviewable pursuant to law or any rule or regulation having the force and effect of law, including but not limited to Section 75 of the Civil Service Law" (emphasis added).

This definition is broad enough to encompass the petitioner's complaint concerning the application of departmental rules regulating the use of certain physical facilities and equipment furnished to him as an employee, namely, the use of the bulletin board, and the official police vehicle which the petitioner was accused of misusing in the memoranda. Similarly, the sending of the memoranda by the Commissioner of Police was an exercise of his duty of "supervision of employees".

We further note that the placing of the memoranda in the petitioner's personnel file did not constitute a "disciplinary proceeding" within the terms of the exclusionary provision of the definition. Nor was it a matter "which is otherwise reviewable pursuant to law or * * * having the force and effect of law" *(see, Matter of Holt v Board of Educ.,* 52 NY2d 625; *Tomaka v Evans-Brant Cent. School Dist.,* 107 AD2d 1078; *see also, Matter of Patterson v Smith,* 53 NY2d 98). In fact, we note that in *Matter of Holt v Board of Educ. (supra,* at 634) and *Matter of Patterson v Smith (supra,* at 103), the resolution of public employees' complaints regarding critical letters placed in their personnel files by way of contractually agreed grievance procedures rather than by the courts was not only encouraged, but the availability of that option supplied part of the rationale for those decisions.

Accordingly, that branch of the petition which was to compel the City of Rye to determine the petitioner's grievance dated July 31, 1987, relating to the request to have the memoranda removed from his personnel file should have been granted.

We have reviewed the other contentions advanced on behalf of the respondent and find them to be either unpreserved for appellate review or without merit *(see, Utica Mut. Ins. Co. v Prudential Prop. & Cas. Ins. Co.,* 64 NY2d 1049; *Blair v County of Albany,* 127 AD2d 950). Mangano, J. P., Brown, Kooper and Sullivan, JJ., concur.