■ In the Matter of Louis S. Sellstrom, Appellant, v City of Rye, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent to determine the petitioner's grievance, dated August 1, 1987, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Walsh, J.), entered February 2, 1988, which, upon granting the respondent's cross motion, dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, with costs, the petition is granted, and the respondent is

directed to determine the petitioner's grievance dated August 1, 1987.

The Supreme Court erred in holding that the petitioner's complaint with respect to the placement of a critical memorandum in his personnel file was not grievable within the definition of a grievance in the parties' collective bargaining agreement (see, Matter of DeVito v City of Rye, 154 AD2d 373 [decided herewith]).

We have considered the remaining contentions and find them to be without merit. Mangano, J. P., Brown, Kooper and Sullivan, JJ., concur.