In the Matter of RAUL L. CLARENCE J. SUNDRAM, as Chairman of the New York State Commission on Quality of Care for the Mentally Disabled, Appellant; KENNETH KIRSCHBAUM et al., Respondents. (Proceeding No. 1.)

In the Matter of MICHAEL M. CLARENCE J. SUNDRAM, as Chairman of the New York State Commission on Quality of Care for the Mentally Disabled, Appellant; BETSEY HALLERMAN et al., Respondents. (Proceeding No. 2.)

Third Department, November 29, 1990

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Nancy A. Spiegel* of counsel), for appellant.

*Victor A. Kovner, Corporation Counsel (Jane S. Earle* of counsel), for respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

The State Commission on Quality of Care for the Mentally Disabled (hereinafter Commission) undertook investigations following the death of one patient and alleged sexual abuse of another at Bellevue Hospital Center in New York City. During the investigations, the Commission sought to interview Bellevue employees, who were advised of the Commission's policy against allowing their attorneys to be present during interviews. The witnesses refused to testify in the absence of their attorneys. Petitioner moved to compel the witnesses to testify in the absence of counsel. Supreme Court denied the motions. In proceeding No. 1, Supreme Court referred to a

statutory right to counsel under Civil Rights Law § 73. In proceeding No. 2, Supreme Court found not only a statutory right to counsel under Civil Rights Law § 73, but a constitutional right to counsel as well. These appeals followed.

■ The right to counsel provided by Civil Rights Law § 73 (3) extends only to witnesses who appear before an agency as that term is defined in Civil Rights Law § 73 (1) (a). Because the Commission is a legislatively created entity (L 1977, ch 655, § 1), there is no real dispute that the Commission is not an agency as specified in Civil Rights Law § 73 (1) (a); indeed, respondents concede as much in their brief. Rather, respondents argue that the Commission is the functional equivalent of an agency as defined in Civil Rights Law § 73 (1) (a) and therefore should be bound by the same right to counsel provisions. Supreme Court essentially adopted this view. We decline to follow this rationale. The statutory provisions of Civil Rights Law § 73 are clear and we should not extend them beyond the unambiguously expressed intentions of the Legislature. Accordingly, we find no basis for a right to counsel before the Commission under Civil Rights Law § 73.

■ Likewise, we find no constitutional right to counsel before the Commission. The courts consistently have rejected the right to counsel before an investigatory administrative body (see, e.g., Anonymous v Baker, 360 US 287, 294-295; In re Groban, 352 US 330, 335; Matter of First Energy Leasing Corp. v Attorney-General of State of N. Y., 68 NY2d 59, 64). The Commission's authority is investigatory in nature as it has no adjudicative function, existing merely to gather facts, generate reports and make recommendations (see, Mental Hygiene Law § 45.07). That disciplinary or criminal proceedings may result from the Commission's investigatory function is insufficient reason to impose a right to counsel (see, Anonymous v Baker, supra, at 298; see also, Matter of Popper v Board of Regents, 26 AD2d 871).

Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Order in proceeding No. 1 reversed, on the law, without costs, and motion granted.

Order in proceeding No. 2 modified, on the law, without costs, by reversing so much thereof as denied petitioner's motion and permitted counsel to be present during questioning; motion granted; and, as so modified, affirmed.