■ In the Matter of NORMA LEMOINE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [642 NYS2d 323] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent New York City Civil Service Commission dated April 4, 1994, which denied the petitioner back pay during the period of her suspension, the petitioner appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), dated February 21, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs to the respondent New York City Civil Service Commission.

Following a hearing pursuant to Civil Service Law § 75 and dismissal from her position with the respondent New York City Transit Authority (hereinafter the NYCTA) on August 1, 1989, the petitioner appealed to the respondent New York City Civil Service Commission (hereinafter the Commission) pursuant to Civil Service Law § 76. On April 4, 1994, the Commission rendered a decision wherein it upheld most of the NYCTA's findings of guilt, but modified the penalty to a "lengthy suspension without pay" for the period covering the date of her dismissal to 60 days after its decision. The petitioner commenced this CPLR article 78 proceeding requesting back pay and asserting that the period of suspension without pay was excessive and contrary to law. The Supreme Court denied the petition and dismissed the proceeding finding that the Commission was without authority to award back pay and that its determination was not contrary to law. We now affirm.

Initially we note that the court incorrectly stated in dicta that the Commission was unauthorized to award back pay (see, Civil Service Law § 76 [3]). Unlike the probationary employee in *Matter of Department of Personnel v New York City Civ. Serv. Commn.* (79 NY2d 806), the petitioner's employment in the instant case is governed by Civil Service Law § 75. As such, the Commission is expressly authorized by statute to award back pay (see, Civil Service Law § 76 [1], [3]).

However, the court correctly concluded that the determination of the Commission was not "in violation of the Constitution or of the laws of this State" and that it did not "act * * * illegally, unconstitutionally, or in excess of its jurisdiction" (*Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.,* 78 NY2d 318, 323-324), and the determination is therefore beyond judicial review (Civil Service Law § 76 [3]). Although the period of the petitioner's suspension without pay in this case was unusually lengthy, there is nothing in the record to suggest that the Commission's modification

in this regard was not a proper exercise of its discretion (*see*, Civil Service Law § 76 [3]).

The petitioner's remaining contentions are without merit. Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.