■ In the Matter of MARILYN WOOD, Appellant, v PETER COSGROVE et al., Respondents. [655 NYS2d 1004] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated January 4, 1995, which adopted the findings of a Hearing Officer which, after a hearing, found the petitioner guilty of two specifications of incompetence and demoted her from the position of head clerk, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered November 16, 1995, which dismissed the proceeding as barred by Civil Service Law § 76 (3).

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court properly dismissed the proceeding as barred under Civil Service Law § 76 (3) because the petitioner previously opted to pursue an administrative appeal of the determination to the Civil Service Commission (hereinafter Commission) *(see,* Civil Service Law § 76 [1]; *Matter of McGirr v Division of Veterans Affairs,* 43 NY2d 635, *cert denied* 439 US 826). In addition, the petitioner failed to establish that the Commission's denial of her appeal as untimely was "in violation of the Constitution or of the laws of this State", or that the Commission "acted illegally, unconstitutionally, or in excess of its jurisdiction" *(Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.,* 78 NY2d 318, 323-324; *see, Matter of Lemoine v New York City Tr. Auth.,* 227 AD2d 403; Civil Service Law § 76 [1]). Sullivan, J. P., Joy, Friedmann and Florio, JJ., concur.