■ In the Matter of THERESA CASSONE, Petitioner, v WESTCHESTER COUNTY HEALTH CARE CORPORATION et al., Respondents. [773 NYS2d 616]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondents Westchester County Health Care Corporation and Edward Stolzenberg dated December 2, 2002, which adopted the recommendation of a hearing officer, made after a hearing, finding that the petitioner employee committed misconduct and suspending her from employment without pay for a period of 45 days.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, the meeting her supervisor directed her to attend was not a disciplinary hearing within the meaning of Civil Service Law § 75 (*see Matter of Alpert v Grecco,* 73 AD2d 710 [1979]; *Donofrio v Hastings,* 54 AD2d 1110 [1976]; *Matter of Ector v Salzmann,* 54 AD2d 1017 [1976]). Nor did her supervisor's memorandum, describing the petitioner's behavior at the meeting and characterizing the petitioner's prior refusals to attend the meeting as insubordination, constitute a formal reprimand or discipline (*see Tomaka v Evans-Brant Cent. School Dist.,* 107 AD2d 1078 [1985], *affd* 65 NY2d 1048 [1985]; *Matter of Alpert v Grecco, supra*). Thus, the petitioner was not entitled to have a union representative present at the meeting, or to refuse to attend it if such a representative were absent (*see Matter of Ector v Salzmann, supra*). The determination that the petitioner was insubordinate and interfered with her supervisor's duties by twice refusing to attend the meeting is thus supported by substantial evidence in the record (*see Matter of Ector v Salzmann, supra*), and we find no basis for disturbing the hearing officer's credibility assessments and the inferences drawn from the testimony and other evidence presented at the hearing (*see Matter of Berenhaus v Ward,* 70 NY2d 436, 443 [1987]; *Matter of Lawrence v Edwards,* 261 AD2d 404 [1999]).

We also find that the 45-day suspension without pay does not shock one's sense of fairness (*see Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-235 [1974]; *Matter of Lemoine v New York City Tr. Auth.,* 227 AD2d 403 [1996]; *Matter of Koupash v Board of Educ. of Bolton Cent. School,* 72 AD2d 885 [1979]; *Matter of Ector v Salzmann, supra*). Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.