■ In the Matter of DAVID TORRANCE, Petitioner, v JOSEPH A. STOUT et al., Respondents. [834 NYS2d 213]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Westchester County Department of Parks, Recreation and Conservation, dated February 15, 2006, which, after a hearing, found the petitioner guilty of misconduct and demoted him from the position of park foreman to the position of maintenance laborer.

Adjudged that the petition is granted, on the law and in the exercise of discretion, without costs or disbursements, to the extent that so much of the determination as demoted the petitioner from the position of park foreman to the position of maintenance laborer is annulled; the petition is otherwise denied, the determination is otherwise confirmed, and the matter is remitted to the respondents for the imposition of an appropriate penalty less severe than a demotion from the position of park foreman to the position of maintenance laborer.

Contrary to the petitioner's contention, at the time of the initial questioning, the petitioner did not appear to be the subject of a disciplinary action within the meaning of Civil Service Law § 75 (see *Matter of Cassone v Westchester County Health Care Corp.*, 5 AD3d 764, 765 [2004]; *Matter of Alpert v Grecco*, 73 AD2d 710, 711 [1979]; *Matter of Ector v Salzmann*, 54 AD2d 1017, 1018 [1976]). Thus, he was not entitled to have a union representative present at the meeting (see *Matter of Ector v Salzmann, supra*).

The determination that the petitioner was guilty of misconduct is supported by substantial evidence and therefore may not be set aside (see CPLR 7803 [4]; *Matter of Lahey v Kelly*, 71 NY2d 135, 140 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Douglas v Lannert*, 272 AD2d 327 [2000]). However, under all of the circumstances, the penalty of demotion from the position of park foreman to the position of maintenance laborer after 21 years of unblemished service, and its long-term financial implications for the petitioner, was so disproportionate to the offense committed as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, supra; Matter of Goudy v Schaffer*, 24 AD3d 764, 765 [2005]). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.