■ In the Matter of JAMAL UDDIN, Appellant, v NYC/HUMAN RESOURCES ADMINISTRATION, Respondent. [916 NYS2d 784]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Human Resources Administration dated October 24, 2007, which sustained the recommendation of an administrative law judge, made after a hearing, finding that the petitioner committed misconduct, and sus-

pended him from his position as a "Supervisor I" for a period of 30 days without pay, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Starkey, J.), dated September 10, 2009, which granted the respondent's motion, in effect, pursuant to CPLR 7804 (f) to dismiss the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner seeks judicial review of a determination of the New York City Human Resources Administration (hereinafter the HRA) which, following a hearing, sustained charges of employee misconduct against him and suspended him for 30 days without pay. However, since the petitioner already elected to pursue an administrative appeal of the HRA's determination pursuant to Civil Service Law § 76 before the New York City Civil Service Commission (hereinafter the NYCCSC), he is barred from commencing the instant CPLR article 78 proceeding (see Civil Service Law § 76 [1], [3]; Matter of Pasieka v New York City Tr. Auth., 31 AD3d 769 [2006]; Matter of Harrell v New York City Hous. Auth., 300 AD2d 54 [2002]; Matter of Turner v New York City Tr. Auth., 252 AD2d 558, 559 [1998]; Matter of Wood v Cosgrove, 237 AD2d 616 [1997]).

To the extent that this proceeding may also be considered a challenge to the determination of the NYCCSC, the petitioner failed to demonstrate that the NYCCSC's determination falls within a recognized exception to the statutory prohibition on judicial review of such a determination (see Civil Service Law § 76 [3]) by virtue of its being unconstitutional, violative of state law, or in excess of the NYCCSC's authority. Accordingly, judicial review of the NYCCSC's determination is precluded (see Civil Service Law § 76 [3]; Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn., 78 NY2d 318, 322-324 [1991]; Matter of Horn v New York City Civ. Serv. Commn., 43 AD3d 760, 761 [2007]; Matter of Pasieka v New York City Tr. Auth., 31 AD3d at 770; Matter of Blount v New York City Civ. Serv. Commn., 12 AD3d 304 [2004]; Matter of Turner v New York City Tr. Auth., 252 AD2d at 559; Matter of Wood v Cosgrove, 237 AD2d 616 [1997]; Matter of Lemoine v New York City Tr. Auth., 227 AD2d 403 [1996]). Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.