OPINION OF THE COURT
Anthony J. Ferraro, J.
Petitioner has instituted a CPLR article 78 proceeding for an order annulling and removing a letter of reprimand from his personnel file.
Petitioner is a tenured administrator on the senior staff of the Yonkers City School District and was the director of special projects. One of his job functions as such director was the supervision and monitoring of the interscholastic athletic program.
On September 24,1983 a high school student died while playing football. Investigation revealed that the student had a long history of heart illness which was serious enough to preclude the playing of football. The student had been permitted to play without the required physical ex *371 amination and without parental permission. The adopted policies and procedures were not followed either at the school where the deceased student was registered or at other schools in the district.
On October 14, 1983 petitioner received the following letter from respondent which he seeks to have annulled and removed from his file:
“This is an official reprimand for your failure to ensure the implementation of the rules and regulations for the operation of the interscholastic program in the Yonkers public school system.
“There is no question but that your position clearly required the overall supervision and evaluation of the program to ensure that state and district policies were, in fact, implemented. That was not done, and the responsibility for it to be done was yours.
“Therefore, you are hereby relieved of your responsibility for the operation of the Physical Education program and the Interscholastic program in the Yonkers public schools. You shall retain your position as Director of Special Projects and you are assigned, on a full time basis, to the Yonkers Education and Cultural Arts Center as the Director in charge of that facility. A specific role description will be provided to you and reviewed with you in detail so that you clearly understand your new responsibilities. Never again shall you have any responsibility, directly or indirectly, for any physical education, interscholastic or athletic program in the Yonkers public schools.
“This letter is an official reprimand and will be placed in your Personnel file.”
Petitioner contends in this proceeding that the letter of reprimand cannot be issued without first conducting a hearing pursuant to section 3020-a of the Education Law.
Respondent has made a preliminary motion (1) to dismiss the petition on jurisdictional grounds and (2) to disqualify petitioner’s attorney. The motion to disqualify petitioner’s attorney was withdrawn in open court upon oral argument.
As outlined by the Court of Appeals in the case of Holt v Board of Educ. (52 NY2d 625) teachers originally had no *372 job security and the Legislature recognized the need for permanence and stability in the employment relationship between teachers and the school districts. They therefore enacted a comprehensive statutory tenure system in order to provide security for competent teachers who had rendered adequate service for a number of years. Section 3020-a of the Education Law was enacted to protect tenured teachers from arbitrary suspension or removal but not to insulate them from all critical comment from their superiors. Its purpose is to protect teachers from arbitrary imposition of formal discipline but not to interfere with the daily operation of the educational system in which administrative evaluation of a teacher’s performance is essential. In the Holt case the letter to teacher Holt charged him with incompetence and insubordination. The letter to teacher Doyle specified occasions when he was not at his assigned station, referred to an earlier admonition and reminded him of his lack of attention to assigned duties. Nevertheless the majority opinion held that the letters were well within the scope of permissible administrative evaluation and could be inserted in the personnel file without resort to the formal hearing procedures outlined in section 3020-a of the Education Law.
The Court of Appeals reiterated its position in the subsequent cases of Matter of Memminger v Westbury Union Free School Dist. (55 NY2d 867) and Matter of Gordon v Board of Educ. (54 NY2d 804) holding again that letters of reprimand placed in a personnel file, though critical of job performance, amount to nothing more than administrative evaluations which the supervisory personnel have the right and the duty to make as an adjunct to their responsibility to supervise.
In the case at bar a student unnecessarily and prematurely lost his life. Petitioner herein was not charged with direct responsibility for the death but only with a vicarious failure to ensure the implementation of rules and regulations promulgated to avoid such an event. The actual violation of the rules was clearly attributable to others and not charged to petitioner. When an event of such grave and serious consequences occurs it is imperative to reach out and touch all parties involved including those with even *373 the remotest connection and to take whatever steps are necessary to ensure that a life will not be lost again. In line with this reasoning the Commissioner of Education has suspended all interscholastic sports in the Yonkers School District until proper safeguards have been taken.
Nor does the fact that petitioner was removed from sports supervision strengthen his position in this proceeding. The charge did not jeopardize his tenured position or his financial return. And now that all sports have been suspended, his complaint of removal from the supervision thereof has been muted by the commissioner.
There is no room in the hearts of the bereaved parents for the hurt feelings of petitioner. The public outrage over the needless death far overshadows his belated complaint of a slap on the wrist. The focus of attention is upon the means of prevention of a reoccurrence. The mere fact of change in the chain of command precipitates a greater precaution and serves as a stark admonition to any successor. Constructive criticism enures to the benefit of all concerned once the impact of the initial insult fades away.
Section 3020-a of the Education Law which outlines the hearing procedure specifically refers to “alleged incompetency or misconduct”. In the case at bar petitioner was not charged with either incompetency or misconduct within the purview of this section.
In this court’s opinion the letter sent to petitioner does not even contain “severe accusations” within the purview of the dissenting opinion of Judge Wachtler in the Holt case. Fault for the actual event is not attributed to petitioner who is merely charged with a failure to implement rules designed to oversee and protect against the conduct of others. In New York State an owner of a car is held vicariously liable for the negligence of the driver by statute. In this case petitioner is held vicariously responsible for the neglect of duty of the coaches by school rules. In either case the blame of the vicarious party is only secondary. The general public does not blame the owner for the negligence of the driver. Nor do they blame petitioner for the failure of the coach to obtain the necessary consent and medical certificate.
*374 Petitioner further contends that he has been deprived of his liberty without due process of law in violation of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of New York.
Prerequisite to a due process hearing is the deprivation of a property right. Petitioner was not terminated or suspended, his tenure was not disturbed and his salary was not diminished. Consequently there was no involvement of a property right and no requirement of a constitutional hearing. (Bishop v Wood, 426 US 341; Board of Regents v Roth, 408 US 564; Matter of Petix v Connelie, 47 NY2d 457.)
Petitioner’s final contention is that he is entitled to a hearing to clear his name of any stigma imposed by the letter.
As indicated, the letter does not charge petitioner with incompetency or misconduct. Petitioner is not accused of any criminal conduct. A failure to ensure that others complied with certain rules the violation of which was not charged to petitioner can hardly be construed to constitute a stigma of “constitutional proportions” requiring a formal hearing. (Matter of Petix v Connelie, 47 NY2d 457, 460, supra.)
Respondent’s motion to dismiss the petition is therefore granted.