■ In the Matter of DESIREE FERGUSON, Petitioner, v JOSEPH J. TRAFICANTI, JR., as Deputy Chief Administrative Judge for Courts Outside New York City, et al., Respondents. [744 NYS2d 236] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Deputy Chief Administrative Judge for Courts Outside New York City which terminated petitioner from her position.

On April 20, 2000, petitioner, a Senior Office Assistant with the Schenectady City Court since 1995, was charged with one count of misconduct and incompetence comprised of 30 specifications alleging excessive lateness, failure to properly carry out assigned duties, and actions in contradiction of established court procedure. Following a formal disciplinary hearing, the Hearing Examiner recommended that 17 of the 30 specifications be confirmed and that petitioner be terminated from her position. Respondent Deputy Chief Administrative Judge for Courts Outside New York City (hereinafter respondent) adopted the Hearing Examiner's recommendations and directed termination. Petitioner commenced this CPLR article 78 proceeding, which was subsequently transferred to this Court for review.

Findings of a Hearing Examiner will be confirmed if they are supported by substantial evidence in the record (*see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180; *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *Matter of Hoffman v Village of Sidney*, 235 AD2d 698, 702), even where conflicting evidence may have supported a different determination (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 444). Specifically addressing the 12 specifications which alleged that petitioner failed to properly perform assigned clerical tasks, seven of which were sustained, we find that only six of the seven specifications should be confirmed based upon the

testimony proffered by petitioner's supervisor, Chief Clerk Patricia A. Jordan, and various coworkers, including Shelley Le Vine. The specification alleging that petitioner had entered incorrect index numbers on six file folders was sustained on the basis of Le Vine's testimony that she knew that petitioner had created the incorrect labels because she recognized the font from petitioner's typewriter. In our view, this testimony was insufficient since testimony also established that there were several typewriters in that office using that particular font. With Le Vine not able to testify that she witnessed petitioner preparing these folders and petitioner denying that the error was hers, we cannot conclude that sufficient evidence supports this allegation.

Regarding those specifications charging petitioner with improperly performing her duties by exceeding her authority or violating court policy on 13 occasions, six of which were sustained, we find substantial evidence in the form of testimony by both Jordan and a coworker to support the determination that petitioner improperly contacted the State Police regarding missing tickets and private attorneys regarding missed appearances. Further supported by Le Vine's testimony and, at times, by that of Schenectady City Court Judge Karen Drago, are the charges that petitioner improperly accepted a small claims petition beyond the jurisdictional limit, sent out an unapproved cover letter, cancelled a jury trial and adjourned a case without authorization. From as early as the 1996 performance evaluation, petitioner was advised that these behaviors, along with others, must be quelled.

As to those specifications focusing on petitioner's use of the workplace to conduct personal business and engage in lengthy personal telephone calls, the testimony of both Jordan and Le Vine, confirmed by a coworker, was sufficient. However, we do not find that the allegation that petitioner used vulgar language during a personal telephone call within the hearing of Douglas Benson, a court customer present with his then 11-year-old daughter, can be sustained. Benson's testimony at the hearing is not consistent with either his prior letter memorializing his observation or the account that he rendered to petitioner's local union president, who further testified that Benson made disparaging and racists comments regarding petitioner.

We discern no error with the Hearing Examiner sustaining 36 of the 48 assertions that petitioner arrived late for work on specified dates; the charges were supported either by petitioner's timesheets or by testimony from both Le Vine and

petitioner's coworkers. The record reflects that petitioner was advised of this problem as early as 1996.

Upon these findings, we will not review the penalty imposed (*see, Matter of Brown v Saranac Lake Cent. School Dist.*, 273 AD2d 785, 786) since the more appropriate course is to remit the matter for its reconsideration. We do, however, note that petitioner was given numerous oral admonitions and counseling memoranda warning her of further disciplinary action, actions which do not constitute "punishment" such that the present disciplinary proceeding could be deemed duplicative (*see, Heslop v Board of Educ., Newfield Cent. School Dist.*, 191 AD2d 875, 877). Nor do we find merit in petitioner's assertion that she did not receive adequate notice of these problems so that she could take appropriate corrective action (*see, Spry v Delaware County*, 277 AD2d 779, 780).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is modified, on the law, without costs, by annulling so much thereof as found petitioner guilty of specifications 1.1 (b) and 1.4 and imposed a penalty; matter remitted to respondents for redetermination of the penalty to be imposed; and, as so modified, confirmed.