*335 OPINION OF THE COURT
W. Patrick Falvey, J.
The petitioner, Board of Education of the Dundee Central School District (hereinafter, Dundee), has filed this application to vacate and/or modify the decision and award on remand of a hearing officer dated January 7, 2011 pursuant to CPLR 7511. The decision and award on remand occurred following this court’s memorandum decision and judgment in Matter of Board of Educ. of the Dundee Cent. School Dist. v Coleman (29 Misc 3d 1204[A], 2010 NY Slip Op 51684[U] [Oct. 1, 2010] [hereinafter, 2010 decision]). In the original proceeding, several other charges were sustained and others dismissed, which are not in issue herein and are not part of the remand. The challenge by Dundee is only to the remand penalty imposed. No challenges have been raised to the other determinations made by the Hearing Officer upon remand.
In this court’s 2010 decision, charge one, specifications 1.1-1.3 and charge two, specifications 2.1-2.3 were reinstated, and those charges were remanded to the Hearing Officer for reconsideration. Basically, the specifications in charge one and charge two mirrored each other, except the specifications in charge one were under the caption of “conduct unbecoming a teacher,” and the specifications in charge two were under the caption of “insubordination.”
In the remand decision (exhibit A), the Hearing Officer dismissed charge two in its entirety, including all specifications therein, finding there was insufficient evidence to support a charge of insubordination. He sustained, however, charge one, specification 1.3 as conduct unbecoming a teacher, finding Coleman attempted to bypass Dundee procedure concerning the use of movies within the classroom. The Hearing Officer also partially sustained charge one, specification 1.1, wherein Coleman administered an exam to his 12th grade government students that contained misspellings, was the same test as used two years previously, tested at a lower academic level than should have been presented and contained inappropriate and suggestive vocabulary terms. The Hearing Officer also found charge one, specification 2.1 supported, to the extent that Coleman made inappropriate references to a special education student and a special education teacher on a 12th grade government exam in a failed attempt at humor. The Hearing Officer found Coleman did not intend to demean or ridicule the special education student (exhibit A).
*336 As noted above, Dundee does not challenge the Hearing Officer’s findings as set forth; it only challenges the Hearing Officer’s determination that no additional penalty should be imposed after reconsideration. The original penalty that was imposed was a suspension from all teaching duties, without pay, but with continued medical insurance benefits, for a period of six consecutive months (exhibit C at 24). This court struck the requirement that Dundee continue the medical insurance benefits in its 2010 decision.
Dundee alleges the Hearing Officer’s decision on the issue of the appropriate penalty was excessively lenient, against public policy and was arbitrary and capricious. Further, the Hearing Officer’s decision was irrational, according to Dundee, because he refused to impose additional discipline against respondent after finding him guilty of additional charges. Accordingly, the School District asks that only the determination of penalty be vacated and that this matter be remanded to a different hearing officer for a new determination on the appropriate penalty.
Counsel for the respondent, Douglas Coleman (hereinafter Coleman), opposes the application arguing vacatur is not supported by public policy; that the Hearing Officer’s decision was indeed rational; that the Hearing Officer correctly applied the Holt v Board of Educ. of Webutuck Cent. School Dist. (52 NY2d 625 [1981]) standard and that the penalty of six months’ suspension was not lenient.
This court notes it is clear the Hearing Officer gave considerable thought and attention in making his remand decision. Although he was very thorough, the question at bar is whether the penalty determination was flawed due to the Hearing Officer’s interpretation of the “just cause standard,” thus rendering his determination irrational.
With regard to the Dundee’s request to vacate the Hearing Officer’s determination,
“the standard of judicial review pursuant to CPLR 7511 is as follows: a hearing officer’s determination will be upheld if it is supported by substantial evidence and is not arbitrary or capricious; it may only be vacated upon a showing of ‘misconduct, bias, an excess of power or procedural defects.’ ” (Matter of Denhoff v Mamaroneck Union Free School Dist., 29 Misc 3d 1207[A], 2010 NY Slip Op 51742[U], *4 [Sup Ct, Westchester County 2010], quoting Lackow v Department of Educ. [or “Board”] of City of N.Y., 51 *337 AD3d 563, 567 [1st Dept 2008], quoting Austin v Board of Educ. of City School Dist. of City of N.Y., 280 AD2d 365 [1st Dept 2001].)
However, where, as in the instant case, the parties are subject to compulsory as opposed to voluntary arbitration, judicial review under CPLR article 75 is more expansive. In compulsory arbitration cases, in order to affirm a hearing officer’s ruling, the court must be satisfied that the hearing officer’s decision was “in accord with due process and supported by adequate evidence, and must also be rational and satisfy the arbitrary and capricious standards of CPLR article 78.” (Matter of Denhoff v Mamaroneck Union Free School Dist., 2010 NY Slip Op 51742[U] at *4 [citation omitted].) The party challenging an arbitration determination has the burden of showing its invalidity. (Lackow v Department of Educ. [or “Board”] of City of N.Y., 51 AD3d at 568, citing Caso v Coffey, 41 NY2d 153, 159 [1976].)
In this case, the Hearing Officer noted that several factors need to be considered in determining an appropriate penalty. He noted many positive points about Coleman’s long teaching history, including an enthusiasm for his subject matter, good classroom management, and a good pace for instruction (exhibit A at 15). He also determined Coleman was not incorrigible. He then stated, “Given the former imposition of a six month disciplinary suspension for those proven offenses, there remains a question as to any further penalty or discipline as a result of this decision Remand.” (Exhibit A, remand decision, at 16.) The Hearing Officer focused on the counseling memoranda Dundee gave Coleman after the underlying incidents. Specifically, there were June 2007 memos following the inappropriate tests he gave his 12th grade government students, which among other things, directed Coleman to provide Dundee with “hard copies of the course syllabi . . . (and) lessons plans . . . (weekly)” (exhibit A at 17), and alerted him “that the purpose of this memo is to warn you of the serious consequences of any future incident, and to instruct you as to how to avoid such problems in the future”; along with Superintendent Zimar’s follow-up memo noting, “We’ve been down this road before and I sincerely hope that we do not have to travel that highway again.” The Hearing Officer noted the counseling memoranda given in September 2007, relating to Coleman’s improper attempt to have parents sign permission slips for students to view films in his classroom that did not comport with existing Dundee protocol (exhibit A at 18), which informed Coleman that “[t]he *338 purpose of this letter is to inform you of the seriousness of these concerns and to prevent the reoccurrence of further issues. This memo should not be construed as a formal accusation, charge or disciplinary action. However, non compliance with these requests could result in formal action.” After reviewing the aforementioned counseling memoranda, the Hearing Officer noted there was no proof any of the warned offenses were repeated by Coleman. He concluded, “As such, I find and conclude that these Counseling Memoranda are a crucial preface to the progressive disciplinary scheme inherent in the just cause protocol under section 3020-a.” (Exhibit A at 16-19.) The Hearing Officer summarized:
“Given the foregoing, I find and conclude that the proper consequence for those Specifications either sustained or partially sustained lies in the memoranda issued by the District as noted and discussed above. It would be inherently unfair and totally contrary to the just cause protocol to issue further discipline to the Respondent for actions that were never repeated and I will not do so.”
The issue Dundee argues is that it believes the Hearing Officer refused to consider the imposition of a penalty for the charges he sustained upon remand, under a misinterpretation of the Holt standard (see 52 NY2d 625). The District submits that the Hearing Officer’s ruling is that if a school district issues a counseling memo, and the warned-against conduct has not recurred, the school district cannot seek any additional penalty within the context of a subsequent Education Law § 3020-a hearing, for the same conduct. Dundee submits this interpretation violates and gives an irrational construction to existing law, and more specifically, that his reasoning is contrary to Holt (52 NY2d 625) and this court’s 2010 decision.
Dundee’s argument is well taken. Clearly, as this court previously ruled, Dundee was not precluded from bringing Education Law § 3020-a charges based upon the conduct that gave rise to the aforementioned counseling memoranda, and to ask that an appropriate penalty be assessed if the charges were sustained. (Holt at 634; Matter of Heslop v Board of Educ., Newfield Cent. School Dist., 191 AD2d 875, 877 [3d Dept 1993].) Counsel for Coleman argues that Holt states such counseling memoranda can only be used to “support” formal disciplinary charges, but can’t be the sole basis of formal charges. This court disagrees with counsel’s interpretation of the word “support” in the Holt *339 decision, and as previously ruled, the underlying conduct referenced in the counseling memoranda can be the sole basis for formal Education Law § 3020-a charges.
Counsel further submits,
“If it is permissible to place a letter of criticism in a teacher’s file without preferring formal charges because it relates to an incident too minor to require formal charges, th[e]n the District cannot reverse itself once the letter is in the file, alleging that the same incident is now serious enough to form the basis for formal discipline, unless the teacher has violated the warnings set forth in the memorandum or letter. It is this inconsistency that the Hearing Officer found to violate the elements of due process and fundamental fairness embodied in the statute.” (Timothy S. Taylor, Esq., mem of law, at 28.)
The difficulty with this argument is that it is contrary to existing case law. (Holt at 634; Heslop at 877.) It is within the School District’s discretion on how to proceed.
Here, Dundee started with counseling memoranda concerning the misbehavior sustained by the Hearing Officer. Additional unrelated misconduct occurred afterwards, much of which was previously sustained by the Hearing Officer as part of his original decision (exhibit C). It was only logical for Dundee to bring formal charges regarding all underlying incidents, and to request a penalty based upon the totality of the circumstances. The question is not, as the Hearing Officer suggests, whether an additional penalty should be imposed for the now determined acts of misconduct, but rather, whether the penalty for the entire course of misconduct should be enhanced. The determined acts of misconduct cannot be viewed in isolation from each other. It is the history of conduct that must be considered, a fact the Hearing Officer tacitly admitted by his consideration of the positive aspects of Coleman’s teaching record. Some of the conduct sustained after remand was similar to prior conduct for which Coleman had been previously warned. In 1995, Coleman signed an agreement acknowledging Dundee’s film viewing policy and asserting he would comply with the same in the future (see 2010 NY Slip Op 51684[U], *2). Upon remand, Coleman was found to have violated the District’s film policy.
Normally, “[t]he standard for reviewing a penalty imposed after a hearing pursuant to Education Law § 3020-a is whether the punishment of dismissal was so disproportionate to the of *340 fenses as to be shocking to the court’s sense of fairness.” (Lackow v Department of Educ. [or “Board”] of City of N.Y., 51 AD3d at 569 [citations omitted].) Here, the court never addresses that standard, because the issue is whether the Hearing Officer’s determination is based upon a flawed interpretation of the meaning of “just cause” and its purported limitations on the imposition of an Education Law § 3020-a penalty when a school district previously issued counseling memoranda.
The standard of review is “whether the award is supported by evidence or other basis in reason, as may be appropriate, and appearing in the record.” (Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d 493, 508 [1970]; Matter of Smith v New York City Dept. of Educ., 29 Misc 3d 1224[A], 2010 NY Slip Op 51989[U] [Sup Ct, NY County 2010].)
The court therefore finds the Hearing Officer’s decision regarding penalty lacks a rational basis, due to his improper reliance on the premise that Dundee had to prove Coleman repeated the misconduct that gave rise to the counseling memoranda before he would consider Dundee’s request for a penalty. In light of this finding, the court does not reach the other arguments advanced by Dundee.
Accordingly, the petition to vacate the determination and direct the matter be remitted to a different hearing officer regarding only the issue of penalty is granted for the reasons stated herein, without costs.