SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**241**
**CA 11-01225**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF THE ARBITRATION BETWEEN
BOARD OF EDUCATION OF DUNDEE CENTRAL SCHOOL
DISTRICT, PETITIONER-RESPONDENT,

AND                                    MEMORANDUM AND ORDER

DOUGLAS COLEMAN, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

RICHARD E. CASAGRANDE, LATHAM (PAUL D. CLAYTON OF COUNSEL), FOR RESPONDENT-APPELLANT.

FERRARA, FIORENZA, LARRISON, BARRETT & REITZ, P.C., EAST SYRACUSE (ERIC J. WILSON OF COUNSEL), FOR PETITIONER-RESPONDENT.

O'HARA, O'CONNELL & CIOTOLI, FAYETTEVILLE (STEPHEN CIOTOLI OF COUNSEL), FOR NEW YORK STATE ASSOCIATION OF MANAGEMENT ADVOCATES FOR SCHOOL LABOR AFFAIRS, AMICUS CURIAE.

TIMOTHY G. KREMER, EXECUTIVE DIRECTOR, LATHAM (JAY WORONA OF COUNSEL), FOR NEW YORK STATE SCHOOL BOARDS ASSOCIATION, INC., AMICUS CURIAE.

---

Appeal from a judgment of the Supreme Court, Yates County (W. Patrick Falvey, A.J.), dated October 1, 2010. The judgment granted in part the petition to vacate portions of the Hearing Officer's award.

It is hereby ORDERED that the judgment so appealed from is affirmed without costs.

Memorandum: Pursuant to Education Law § 3020-a, petitioner filed two disciplinary charges with 16 specifications against respondent, a tenured Social Studies teacher employed by petitioner. Respondent moved to dismiss six specifications on the ground that the conduct encompassed by those specifications had been the subject of counseling memoranda placed in respondent's personnel file. The memoranda warned respondent "of the serious consequences of any future incident[s] . . . ." It is undisputed that the specific conduct addressed in the memoranda did not recur before the disciplinary charges were filed. The Hearing Officer granted respondent's motion, concluding that "it would be both improper and unfair under the just cause protocol to permit and entertain formal charges, identical in nature to those at issue in the foregoing counseling memoranda, [because], by all accounts, the matters have not repeated." We note that two of the dismissed specifications concerned respondent's drawing of a cartoon of two "aliens" on the test of a student with a disability and writing

the names of the student and her special education teacher next to the "aliens." Respondent was also accused of writing sexually inappropriate terms on a final exam in which he asked the students to define various vocabulary terms.

During the hearing, two specifications were withdrawn, and the Hearing Officer sustained six of the remaining specifications related to four incidents in which respondent threatened to kill a student; physically demonstrated a torture technique on a female student lying on respondent's desk; gave inappropriate and, in some instances, derogatory nicknames to students, despite previous warnings to refrain from such conduct; and ignored fair and consistent grading practices while exhibiting favoritism in grading practices. The Hearing Officer imposed a penalty of a six-month suspension without pay "but with continued medical insurance benefits."

Petitioner commenced this proceeding pursuant to Education Law § 3020-a (5) and CPLR 7511 challenging the penalty, the continuation of health benefits and the dismissal of the six specifications. Petitioner contended, inter alia, that the penalty of a six-month suspension was "excessively lenient"; that the Hearing Officer exceeded his authority under Education Law § 3020-a in ordering petitioner to continue to pay for respondent's health insurance during the period of suspension; and that the Hearing Officer's decision to dismiss the six specifications was irrational.

In appeal No. 1, respondent appeals from a judgment granting the petition in part (*Matter of Board of Educ. of the Dundee Cent. School Dist. v Coleman*, 29 Misc 3d 1204[A], 2010 NY Slip Op 51684[U], *4-*5). Supreme Court concluded, inter alia, that the Hearing Officer erred in dismissing the six specifications and lacked statutory authority to direct petitioner to pay for respondent's health insurance during the period of suspension (*id.* at *3-*4). The court therefore ordered respondent to reimburse petitioner for any such costs that had been previously paid by petitioner and remitted the matter for further consideration on the reinstated six specifications (*id.* at *4-*5). Inasmuch as the court was remitting the matter with respect to those specifications, it determined that it would be premature to address the issue of the appropriate penalty (*id.* at *4).

Upon remittal, the Hearing Officer sustained, in whole or in part, three of the six specifications, but he reimposed the same penalty, finding that respondent had previously been disciplined for the conduct at issue in those specifications through the counseling memoranda. Thus, the Hearing Officer concluded that "[i]t would be inherently unfair and totally contrary to the just cause protocol to issue *further* discipline to the [r]espondent for actions that were never repeated" (emphasis added).

Petitioner commenced a second proceeding pursuant to Education Law § 3020-a and CPLR 7511 to vacate the Hearing Officer's decision to the extent that the Hearing Officer determined that the penalty of a six-month suspension was appropriate and failed to comply with the prior judgment. Petitioner contended, inter alia, that the penalty

imposed was "excessively lenient" and that the refusal to impose any additional penalty was irrational.  In appeal No. 2, respondent appeals from a judgment granting the petition and determining that the Hearing Officer's decision regarding the penalty lacked a rational basis "due to his improper reliance on the premise that [petitioner] had to prove [respondent] repeated the misconduct that gave rise to the counseling memoranda before [the Hearing Officer] would consider [petitioner's] request for a penalty" (*Board of Educ. of the Dundee Cent. School Dist. v Coleman*, 32 Misc 3d 334, 340).  The court vacated the penalty and remitted the matter to a different hearing officer regarding only the issue of the penalty (*id.*).

We affirm the judgment in each appeal.

Education Law § 3020-a (5) permits judicial review of a hearing officer's decision, expressly providing that "[t]he court's review shall be limited to the grounds set forth in" CPLR 7511.  Pursuant to CPLR 7511 (b), an award may be vacated only upon very limited grounds, one of which is that the arbitrator or person making the award "exceeded his [or her] power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]).  The Court of Appeals has concluded that "[a]n arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37; *see Matter of Mohawk Val. Community Coll. [Mohawk Val. Community Coll. Professional Assn.]*, 28 AD3d 1140, 1141).  "Where, as here, parties are subject to compulsory arbitration, the award must satisfy an additional layer of judicial scrutiny-it 'must have evidentiary support and cannot be arbitrary and capricious' " (*City School Dist. of the City of N.Y. v McGraham*, 17 NY3d 917, 919, quoting *Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223; *see Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 567-568).

In appeal No. 1, we conclude that the Hearing Officer's decision to grant the motion of respondent to dismiss six of the specifications was arbitrary and capricious.  It is well settled that counseling memoranda such as those placed in respondent's personnel file are not considered disciplinary actions (*see Holt v Board of Educ. of Webutuck Cent. School Dist.*, 52 NY2d 625, 631-632).  Rather, such memoranda "amount to nothing more than administrative evaluations which the supervisory personnel of the school district have the right and the duty to make as an adjunct to their responsibility to supervise the faculty of the schools" (*id.* at 631).  In *Holt*, the Court of Appeals specifically stated that such memoranda may "be used to support a formal charge of misconduct within three years of the occurrence which the evaluation addresses" (*id.* at 634 n 2; *see Matter of Heslop v Board of Educ., Newfield Cent. School Dist.*, 191 AD2d 875, 877; *see also Matter of Lory v County of Washington*, 77 AD3d 1265, 1266).  As even the dissent recognizes, *Holt* and its progeny establish that counseling memoranda do not constitute professional discipline.  Under

the clear language of *Holt*, *Lory* and *Heslop*, conduct addressed in a nondisciplinary counseling memorandum may be used to support formal disciplinary charges at a later date not to exceed three years. Thus, the court properly determined that it was irrational, arbitrary and capricious for the Hearing Officer to dismiss the six specifications on the *sole* ground that the conduct encompassed by those specifications had been addressed in counseling memoranda.

We further conclude in appeal No. 1 that the court properly determined that the Hearing Officer exceeded his statutory authority in directing petitioner to pay for respondent's health insurance benefits during the period of suspension. "In recommending a penalty under [section] 3020-a of the Education Law, a hearing [officer] is limited to one of the penalties set forth in that section, i.e., 'a reprimand, a fine, suspension for a fixed time without pay or dismissal' " (33 Ed Dept Rep [Decision No. 13201]; *see Matter of Adrian v Board of Educ. of E. Ramapo Cent. School Dist.*, 60 AD2d 840, 840; 33 Ed Dept Rep [Decision No. 13137]; 33 Ed Dept Rep [Decision No. 13135]). Inasmuch as a contribution toward an employee's health insurance is a form of compensation (*see Matter of Police Assn. of City of Mount Vernon v New York State Pub. Empl. Relations Bd.*, 126 AD2d 824, 825; *Matter of Town of Haverstraw v Newman*, 75 AD2d 874, 874-875), the Hearing Officer improperly imposed what amounted to "a penalty of suspension at reduced pay" (33 Ed Dept Rep [Decision No. 13201]). We therefore conclude that the court properly reinstated the six specifications and ordered respondent to reimburse petitioner for any payments that it made toward respondent's health insurance benefits during the suspension period.

In appeal No. 2, we conclude that the court properly determined that the Hearing Officer's decision on remittal to impose the same penalty was arbitrary and capricious inasmuch as the Hearing Officer based his decision on an erroneous interpretation of the law. The Hearing Officer refused to impose any additional penalty after sustaining some of the remitted six specifications based on his continuing belief that the counseling memoranda constituted a form of discipline. Inasmuch as it is well established that counseling memoranda are not disciplinary measures under Education Law § 3020-a (*see Holt*, 52 NY2d at 632-634; *Matter of Ferguson v Traficanti*, 295 AD2d 786, 788), the Hearing Officer's conclusion that respondent had previously been disciplined for the conduct encompassed by those specifications is arbitrary and capricious. We therefore conclude that the court properly vacated the penalty imposed by the Hearing Officer and remitted the matter to a different hearing officer for imposition of a penalty.

All concur except SCONIERS, J., who dissents in part and votes to modify in accordance with the following Memorandum: I respectfully dissent in part in appeal No. 1 because I conclude that, with the exception of vacating the directive requiring petitioner to pay for respondent's health insurance during the period of suspension, Supreme Court exceeded its limited scope of review in vacating the Hearing Officer's decision and award with respect to the teacher disciplinary charges that petitioner brought pursuant to Education Law § 3020-a

(*Matter of Board of Educ. of the Dundee Cent. School Dist. v Coleman*, 29 Misc 3d 1204[A], 2010 NY Slip Op 51684[U]).  As the majority correctly notes, "[a]n arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37; *see Matter of Mohawk Val. Community Coll. [Mohawk Val. Community Coll. Professional Assn.]*, 28 AD3d 1140, 1141-1142).  Moreover, as the Court of Appeals has made clear, these are "three narrow grounds" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79; *see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 14 NY3d 119, 123).  In addition, in cases such as this, in which the parties have engaged in compulsory arbitration, "the award must satisfy an additional layer of judicial scrutiny-it 'must have evidentiary support and cannot be arbitrary and capricious' " (*City School Dist. of the City of N.Y. v McGraham*, 17 NY3d 917, 919, quoting *Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223).  Ordinarily, arbitrators are "not bound by principles of substantive law or by rules of evidence" (*Matter of Town of Webb Union Free School Dist. [Atlantic Energy Servs., Inc.]*, 81 AD3d 1454, 1454 [internal quotation marks omitted]; *see Matter of Silverman [Benmore Coats]*, 61 NY2d 299, 308; *Matter of Mays-Carr [State Farm Ins. Co.]*, 43 AD3d 1439, 1440).

Contrary to the decision of the majority, *Holt v Board of Educ. of Webutuck Cent. School Dist.* (52 NY2d 625) does not support its conclusion that the Hearing Officer's dismissal of those disciplinary charges on which the counseling memoranda had been issued was arbitrary and capricious.  Rather, in a footnote, the Court merely noted that "critical evaluations *can only be used* to support a formal charge of misconduct within three years of the occurrence" addressed by the evaluation, citing Education Law § 3020-a (1), and that, "[t]hereafter, such evaluations can only be used to show that the teacher was given notice of the school district's dissatisfaction with his [or her] performance" (*id*. at 634 n 2 [emphasis added]).  *Holt* simply held that counseling memoranda did not constitute professional discipline.  *Holt* neither authorized a school district to bring formal disciplinary charges based on occurrences that had been the subject of counseling memoranda nor limited a hearing officer's authority to dismiss such disciplinary charges.

Moreover, the two remaining cases upon which the majority relies, i.e., *Matter of Heslop v Board of Educ., Newfield Cent. School Dist.* (191 AD2d 875, 877) and *Matter of Lory v County of Washington* (77 AD3d 1265, 1266), do not support the majority's position.  Indeed, given the limits on our scope of review in proceedings such as this, upholding the Hearing Officer's dismissal of disciplinary charges herein would be wholly consistent with *Heslop* and *Lory*.  While those cases both confirmed the determinations of hearing officers upholding disciplinary charges based on occurrences that had been the subject of counseling memoranda, nothing in those cases suggests or implies that the hearing officers were without authority to reach the contrary

result.

Given the lack of express legal precedent or strong public policy affording school districts the unfettered right and authority to bring disciplinary charges based on occurrences that had been the subject of counseling memoranda, it cannot be said that the Hearing Officer's dismissal of those charges against respondent was arbitrary and capricious, irrational or against public policy. Moreover, the counseling memoranda issued to respondent gave no indication that future charges based on those underlying incidents could be brought unless the same conduct was repeated. Indeed, the fact that the same conduct was not repeated provides a further basis for determining that the Hearing Officer's dismissal of the six disciplinary charges concerning conduct addressed in prior counseling memoranda was not arbitrary and capricious or irrational.

I agree with the majority in appeal No. 1, however, that the court properly determined that the Hearing Officer exceeded his statutory authority under Education Law § 3020-a in ordering petitioner to pay the cost of respondent's health insurance during the period in which respondent was suspended and thus properly ordered respondent to reimburse petitioner for any such payments. If the majority agreed with my view of appeal No. 1, we would necessarily have to dismiss as moot the appeal from the judgment in appeal No. 2. However, in light of the majority's determination in appeal No. 1, I am compelled to address the issues presented in appeal No. 2. Underlying appeal No. 2 is the decision and award of the Hearing Officer on remittal, finding respondent guilty on some of the reinstated disciplinary charges but determining that a greater penalty than was first imposed was not warranted (*Board of Educ. of the Dundee Cent. School Dist. v Coleman*, 32 Misc 3d 334). Given the lack of any strong public policy or principle of law compelling him to impose an enhanced penalty, it cannot be said that the Hearing Officer's refusal to impose a more severe sanction upon remittal was arbitrary and capricious or irrational. Simply because the Hearing Officer's rationale for reaching that result was faulty does not render the award irrational, and thus vacating the penalty and remitting the matter a second time, and to a different hearing officer, on the issue of the penalty to be imposed on respondent was beyond the court's scope of review in this CPLR article 75 proceeding.

Entered:  June 15, 2012                              Frances E. Cafarell
                                                     Clerk of the Court