Sconiers, J.
(dissenting in part). I respectfully dissent in part in appeal No. 1 because I conclude that, with the exception of vacating the directive requiring petitioner to pay for respondent’s health insurance during the period of suspension, Supreme Court exceeded its limited scope of review in vacating the Hearing Officer’s decision and award with respect to the teacher disciplinary charges that petitioner brought pursuant to Education Law § 3020-a (Matter of Board of Educ. of the Dundee Cent. School Dist. v Coleman, 29 Misc 3d 1204[A], 2010 NY Slip Op 51684[U] [2010]). As the majority correctly notes, “[a]n arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator’s power” (Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn., 78 NY2d 33, 37 [1991]; see Matter of Mohawk Val. Community Coll. [Mohawk Val. Community Coll. Professional Assn.], 28 AD3d 1140, 1141-1142 [2006]). Moreover, as the Court of Appeals has made clear, these are “three narrow grounds” (Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003]; see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, 14 NY3d 119, 123 [2010]). In addition, in cases such as this, in which the parties have engaged in compulsory arbitration, “the award must satisfy an additional layer of judicial scrutiny — it ‘must have evidentiary support and cannot be arbitrary and capricious’ ” (City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, *1541 919 [2011], quoting Matter of Motor Veh. Acc. Indent. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]). Ordinarily, arbitrators are “not bound by principles of substantive law or by rules of evidence” (Matter of Town of Webb Union Free School Dist. [Atlantic Energy Servs., Inc.], 81 AD3d 1454, 1454 [2011] [internal quotation marks omitted]; see Matter of Silverman [Benmor Coats], 61 NY2d 299, 308 [1984]; Matter of Mays-Carr [State Farm Ins. Co.], 43 AD3d 1439, 1440 [2007]).
Contrary to the decision of the majority, Holt v Board of Educ. of Webutuck Cent. School Dist. (52 NY2d 625 [1981]) does not support its conclusion that the Hearing Officer’s dismissal of those disciplinary charges on which the counseling memoranda had been issued was arbitrary and capricious. Rather, in a footnote, the Court merely noted that “critical evaluations can only be used to support a formal charge of misconduct within three years of the occurrence” addressed by the evaluation, citing Education Law § 3020-a (1), and that, “[thereafter, such evaluations can only be used to show that the teacher was given notice of the school district’s dissatisfaction with his [or her] performance” (id. at 634 n 2 [emphasis added]). Holt simply held that counseling memoranda did not constitute professional discipline. Holt neither authorized a school district to bring formal disciplinary charges based on occurrences that had been the subject of counseling memoranda nor limited a hearing officer’s authority to dismiss such disciplinary charges.
Moreover, the two remaining cases upon which the majority relies, i.e., Matter of Heslop v Board of Educ., Newfield Cent. School Dist. (191 AD2d 875, 877 [1993]) and Matter of Lory v County of Washington (77 AD3d 1265, 1266 [2010]), do not support the majority’s position. Indeed, given the limits on our scope of review in proceedings such as this, upholding the Hearing Officer’s dismissal of disciplinary charges herein would be wholly consistent with Heslop and Lory. While those cases both confirmed the determinations of hearing officers upholding disciplinary charges based on occurrences that had been the subject of counseling memoranda, nothing in those cases suggests or implies that the hearing officers were without authority to reach the contrary result.
Given the lack of express legal precedent or strong public policy affording school districts the unfettered right and authority to bring disciplinary charges based on occurrences that had been the subject of counseling memoranda, it cannot be said that the Hearing Officer’s dismissal of those charges against respondent was arbitrary and capricious, irrational or against public policy. Moreover, the counseling memoranda issued to re *1542 spondent gave no indication that future charges based on those underlying incidents could be brought unless the same conduct was repeated. Indeed, the fact that the same conduct was not repeated provides a further basis for determining that the Hearing Officer’s dismissal of the six disciplinary charges concerning conduct addressed in prior counseling memoranda was not arbitrary and capricious or irrational.
I agree with the majority in appeal No. 1, however, that the court properly determined that the Hearing Officer exceeded his statutory authority under Education Law § 3020-a in ordering petitioner to pay the cost of respondent’s health insurance during the period in which respondent was suspended and thus properly ordered respondent to reimburse petitioner for any such payments. If the majority agreed with my view of appeal No. 1, we would necessarily have to dismiss as moot the appeal from the judgment in appeal No. 2. However, in light of the majority’s determination in appeal No. 1, I am compelled to address the issues presented in appeal No. 2. Underlying appeal No. 2 is the decision and award of the Hearing Officer on remittal, finding respondent guilty on some of the reinstated disciplinary charges but determining that a greater penalty than was first imposed was not warranted (Board of Educ. of the Dundee Cent. School Dist. v Coleman, 32 Misc 3d 334 [2011]). Given the lack of any strong public policy or principle of law compelling him to impose an enhanced penalty, it cannot be said that the Hearing Officer’s refusal to impose a more severe sanction upon remittal was arbitrary and capricious or irrational. Simply because the Hearing Officer’s rationale for reaching that result was faulty does not render the award irrational, and thus vacating the penalty and remitting the matter a second time, and to a different hearing officer, on the issue of the penalty to be imposed on respondent was beyond the court’s scope of review in this CPLR article 75 proceeding. Present — Scudder, P.J., Smith, Fahey, Garni and Sconiers, JJ. [Prior Case History: 32 Misc 3d 334.]