■ In the Matter of RACHEL COHN, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants. [901 NYS2d 640]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered February 2, 2009, which directed expungement of a disciplinary letter from petitioner's personnel file, unanimously

reversed, on the law, without costs, the petition denied, and this proceeding commenced under CPLR article 78 dismissed.

As is clear in the contract language and explanatory record documentation, the current collective bargaining agreement negotiated by petitioner's union, the United Federation of Teachers, amended the prior version of article 21 pertaining to matter placed in a teacher's permanent personnel file. Under the current contract, letters placed in a teacher's personnel file that do not result in administrative charges or other actual disciplinary sanctions are no longer subject to the previously available grievance procedures, with narrow exceptions not applicable herein. Characterizing a letter as a reprimand, in contrast to a counseling memo, as defined therein, does not change that contractual result (*see Holt v Board of Educ. of Webutuck Cent. School Dist.*, 52 NY2d 625, 631-632 [1981]).

Among the benefits conferred by the new provisions, teachers can respond to any disparaging information contained in those letters by appending a written response, which remains in the file with the letter, and such letters are automatically removed from the file three years after the incident giving rise to any such letter, unless administrative charges ensue. In the latter event, the teacher can challenge the letter and its contents as part of the administrative review proceeding. Additionally, these procedural protections were extended to nontenured personnel. School administrators, meanwhile, are relieved of the burden of engaging in grievance procedures, including hearings, as to letters that do not result in disciplinary charges.

The record does not disclose that petitioner was subjected to disciplinary charges, and aside from mischaracterizing a critical letter as itself constituting a disciplinary charge, petitioner does not allege that her employment status has been adversely affected as a consequence of the letter, which, by operation of new article 21 (A) (5), will be automatically removed from her file toward the end of this year. As such, petitioner cannot avail herself of the hearing procedures set forth in Education Law § 3020-a. Concur—Nardelli, J.P., Moskowitz, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 30090(U).]**