■ In the Matter of HELEN HICKEY, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant. [903 NYS2d 362]—

Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered February 13, 2009, directing expungement

of a letter dated June 3, 2008 from petitioner's personnel file, unanimously reversed, on the law, without costs, the petition denied, and this proceeding, commenced under CPLR article 78, dismissed.

As is clear in the contract language and explanatory record documentation, the current collective bargaining agreement negotiated by petitioner's union, the United Federation of Teachers, amended the prior provisions of article 21 pertaining to materials placed in a teacher's permanent personnel file. Under the current contract, letters placed in a teacher's personnel file that do not result in administrative charges are no longer subject to the previously available grievance procedures, with narrow exceptions not applicable herein. Characterizing a letter as a reprimand, in contrast to a counseling memo, as defined therein, does not change that contractual result (*see Holt v Board of Educ. of Webutuck Cent. School Dist.*, 52 NY2d 625, 631-632 [1981]).

Among the benefits conferred by the new provisions, teachers can respond to any disparaging information contained in those letters by appending a written response, which remains in the file with the letter, and such letters are automatically removed from the file three years after the incident giving rise to any such letter, unless administrative charges ensued. In the latter event, the teacher can challenge the letter and its contents as part of the administrative review proceeding. Additionally, these procedural protections were extended to nontenured personnel. School administrators, meanwhile, are relieved of the burden of engaging in grievance procedures, including hearings, as to letters that do not result in disciplinary charges.

Although respondent's own record fails to provide any information purporting to justify the harshness of the principal's letter or her conclusion in this case, and we do not endorse the unjustified action taken by her, the record also does not disclose that any charges were filed against petitioner as a direct consequence of the subject letter. As such, petitioner cannot avail herself of the hearing procedures set forth in Education Law § 3020-a. Concur—Nardelli, J.P., Moskowitz, Freedman and Manzanet-Daniels, JJ.