[952 NE2d 993, 929 NYS2d 1]

In the Matter of HELEN HICKEY, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent.

In the Matter of RACHEL COHN, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents.

Argued April 28, 2011; decided June 2, 2011

**APPEARANCES OF COUNSEL**

*Richard M. Krinsky,* Brooklyn, for appellant in the first above-entitled proceeding.

*Sherry B. Bokser,* New York City, *Richard E. Casagrande, Ariana A. Gambella* and *Stroock & Stroock & Lavan, LLP,* for appellant in the second above-entitled proceeding.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Dona B. Morris* and *Francis F. Caputo* of counsel), for respondents in the first and second above-entitled proceedings.

### OPINION OF THE COURT

MEMORANDUM.

The orders of the Appellate Division should be affirmed, with costs, and the certified questions should not be answered upon the ground that they are unnecessary.

Petitioners Hickey and Cohn, two tenured teachers in the New York City school system, commenced these CPLR article 78 proceedings against the Board of Education for orders compelling respondent to expunge "letters of reprimand" from their personnel files for failure to follow Education Law § 3020-a procedures. The letter placed in Hickey's personnel file indicated that she demonstrated incompetence and "unsatisfactory professional attitude" in preparing students for a field day. The letter placed in Cohn's file detailed a complaint filed with, and substantiated by, the Department of Education's Office of Equal Opportunity; the complaint stemmed from an incident where Cohn allegedly told the principal at her school, during a heated discussion, to watch her "Latin temper." Both letters were placed in petitioners' files in 2008 and indicated that the matter "may lead to further disciplinary action." Respondent contends that the letters were properly placed in petitioners' files because, pursuant to the 2007-2009 Collective Bargaining Agreement (CBA), petitioners' union waived the section 3020-a procedure with respect to the placement of letters of reprimand in tenured teachers' files and agreed to replace it with a different procedure described in Article 21A.

In each case, Supreme Court granted the petitions and directed expungement of the disciplinary letters from petitioners' files. The Appellate Division reversed the orders and denied the petitions (*Matter of Hickey v New York City Dept. of Educ.*, 74 AD3d 458 [2010]; *Matter of Cohn v Board of Educ. of the City School Dist. of the City of N.Y.*, 74 AD3d 457 [2010]).

Education Law § 3020 (1) provides: "No person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause and in accordance with the procedures specified in section [3020]-a of this article or in accordance with alternate disciplinary procedures contained in a collective bargaining agreement." While "discipline" is not defined in the statute, section 3020-a (4) (a) authorizes a

hearing officer to impose as a penalty "a written reprimand, a fine, suspension . . . without pay, or dismissal." Section 3020 (4) (a) further states:

> "Notwithstanding any inconsistent provision of law, the procedures set forth in section [3020]-a of this article . . . may be modified by agreements negotiated between the city school district of the city of New York and any employee organization representing employees or titles that are or were covered by any memorandum of agreement executed by such city school district and the united federation of teachers on or after [June 10, 2002]."

In this case, we assume, though we do not decide, that the letters petitioners complain of here constitute "discipline" for purposes of this statute.

Pursuant to section 3020, a CBA negotiated between respondent and the United Federation of Teachers, petitioners' union, can modify or waive the section 3020-a procedures. We agree with the Appellate Division that, insofar as Article 21A of the 2007-2009 CBA addresses the procedure governing placement of written reprimands in tenured teachers' files, it effectuated a limited waiver of Education Law § 3020-a procedural rights. Article 21A of the 2007-2009 CBA details due process and review procedures concerning teachers' files. Subdivision (1) advises that "[n]o material derogatory to a teacher's conduct, service, character or personality shall be placed in the files unless the teacher has had an opportunity to read the material." It further provides that the teacher shall acknowledge reading "such material by affixing his/her signature . . . with the understanding that such signature . . . does not necessarily indicate agreement with its content." Subdivision (2) grants teachers "the right to answer any material filed" and the "answer shall be attached to the file copy." Subdivision (5) prohibits members from grieving material in the file, "except that if accusations of corporal punishment or verbal abuse against a UFT-represented employee are found to be unsubstantiated, all references to the allegations will be removed from the employee's personnel file." It further emphasizes: "the teacher shall have the right to append a response to any letter. If disciplinary charges do not follow, the letter and response shall be removed from the file three years from the date the original material is placed in the file."

Article 21A is a broad provision that clearly encompasses written reprimands and the disciplinary letters at issue here fell

within the purview of Article 21A. Comparison of the statute and the CBA provision reveals that the procedure in Article 21A is significantly different than, and incompatible with, the procedure in Education Law § 3020-a, meaning that the parties to the contract could not have intended both procedures to simultaneously apply. Their history of collective bargaining indicates, with respect to the placement of written materials in tenured teachers' files, petitioners' union was well aware that, by adopting Article 21A, it was agreeing to substitute that procedure for other due process procedures that had previously been in place. Therefore, there is ample basis to conclude that the union knowingly waived the procedural rights granted in Education Law § 3020-a in this limited arena. Because the letters at issue are not subject to section 3020-a procedures, petitioners are not entitled to have them expunged.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

In each case: Order affirmed, etc.